UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KERRY A. GIBSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13CV1676 HEA |
| ARMY CORPS OF ENGINEERS ST. LOUIS, et al., | ) ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis [Doc. #2]. Plaintiff's financial information demonstrates that he is entitled to proceed without prepayment of the filing fee, and the Court will grant the motion. Additionally, having reviewed the complaint, the Court finds that subject matter jurisdiction appears to be lacking.[1] As a result, the Court will dismiss this action without prejudice.[2]

---

[1] The Court notes that plaintiff filed a substantially similar action in this Court on July 19, 2013. *See Gibson v. Social Security Administration*, No. 4:13-CV-1417-HEA (E.D. Mo.). The action was dismissed on July 31, 2013, for lack of subject matter jurisdiction. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on October 3, 2013, pursuant to 8th Cir. R. 47B. *Gibson v. Social Security Administration*, No. 13-2940 (8th Cir. 2013).

[2] Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action against the Army Corps of Engineers St. Louis, OWCP, the Second Injury Fund, Gary A. Steinberg, Jo Anne B. Barnhart, Fred Heese, and VARO St. Louis.  Plaintiff states that he was injured in the line of duty on July 15, 2011, and that he was placed on disability status.  He further states that this "is a case of constructive bad faith insurance handling" and that defendants "fail[ed] or refus[ed] to write [his] award and make payment."  Beyond that, however, plaintiff's allegations

are vague and unclear. He complains, for example, that the "manner in which this instance [sic] case is handled connotes waste abuse and misuse of government funds, [and that] it is clear that the government should have awarded and paid the untimely claims referenced herein." In addition, plaintiff asks this Court to enjoin defendants "from discriminating on the basis of familial status against any persons in violation of [their] protected rights." He also seeks monetary relief pursuant to 42 U.S.C. § 1983 and a declaration that his Fourth and Fourteenth Amendment rights were violated.

Attached to his complaint, is a document titled "Notice of Disagreement and Appeals" [Doc. #1, pages 5-8], wherein plaintiff states that he is disagreeing with "the untimely arbitrary decision of the Army Corps of Engineers and OWCP dated 8/21/2013 to the United States District Court for the Eastern District simultaneously with the United States Court of Federal Appeals and United States Court for the Federal Circuit." The notice, however, clearly states that there are three different types of appeal and that he may choose only one. None of the choices includes filing an appeal with this Court. Plaintiff has also attached a copy of a signed, but undated, "Request for Review of hearing Decision/Order" [Doc. #1-8, page 126], apparently indicating that he is appealing the denial of an application for social security benefits to the Social Security Appeals Council.[3]

---

[3]In *Gibson v. Social Security Administration*, No. 4:13-CV-1417-HEA (E.D. Mo.) (Doc. #6, pages 1-2), the Court noted, "[P]laintiff has attached a copy of an adverse

**Discussion**

As this Court previously explained in *Gibson v. Social Security Administration*, No. 4:13-CV-1417-HEA (E.D. Mo.), the Social Security Act's requirement that there be a "final decision" made by the Commissioner after a hearing is a prerequisite which must be met before a district court has subject matter jurisdiction to review a claim. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). "[A] 'final decision' by the SSA is rendered when the Appeals Council either considers the application on the merits or declines a claimant's request for review, and not simply when the ALJ issues its decision." *Pollard v. Halter*, 377 F.3d 183 (2nd Cir. 2004); *Garrett ex rel. Moore v. Barnhart*, 366 F.3d 643, 647 (8th Cir. 2004). There is no indication that the Appeals Council has completed its review of plaintiff's case, and this Court, therefore, does not have subject matter jurisdiction over the complaint.

Additionally, under 5 U.S.C. § 8128(b), the decision of the Secretary of Labor to grant or deny compensation is final and is not subject to review by this Court. As a result, this Court does not have jurisdiction over any claim for denial of worker's benefits. *Brumley v. U.S. Dep't. of Labor*, 28 F.3d 746, 747 (8th Cir. 1994).

---

decision of an administrative law judge denying his application for social security benefits dated July 11, 2013. The notice clearly states that if plaintiff wants to appeal from the decision, he must appeal to the Social Security Appeals Council."

Plaintiff has not alleged any facts indicating he is attempting to hold defendants Gary Steinberg (Acting Director, OWCP) and/or Jo Anne Barnhart (Former Commissioner of Social Security) liable under the Federal Torts Claim Act. Furthermore, there is no indication that, if he intends to bring such claims, he has exhausted agency remedies. To bring an action in federal court against the United States under the Federal Torts Claims Act, 28 U.S.C. § 1346, a plaintiff must first present his or her claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a). Non-compliance with § 2675(a) operates as a jurisdictional bar to proceeding in federal court. *McCoy v. United States*, 264 F.3d 792, 795 (8th Cir. 2001) ("A litigant may not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency.").

Plaintiff's allegations against defendant Fred Heese (Missouri Office of Administration) do not state a claim for relief. Plaintiff sues Heese in his official capacity only, *see Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995), and state employees in their official capacities are not "persons" for the purposes of 42 U.S.C. § 1983. *E.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, plaintiff's claims against Heese are so insubstantial that they fail to confer jurisdiction on this Court. *See Biscanin v. Merrill Lynch & Co., Inc.* 407 F.3d 905, 907 (8th Cir. 2005).

Last, the allegations in the complaint are entirely conclusory and fail to state facts, which if proved, would entitle plaintiff to relief.

For each of these reasons, the Court finds that subject matter is lacking and will dismiss this action accordingly.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Kerry A. Gibson v. Army Corps of Engineers St. Louis, OWCP, Second Injury Fund, Gary A. Steinberg, Jo Anne B. Barnhart, Fred Heese, and VARO St. Louis*.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of November, 2013.

                    HENRY EDWARD AUTREY
                    UNITED STATES DISTRICT JUDGE